**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MARAH WOOD PRODUCTIONS, LLC,
     Plaintiff,

     v.                                   No. 3:15-cv-100 (SRU)

RUTH M. JONES, et al.,
     Defendants.

## RULING AND ORDER DENYING MOTION FOR REMAND

On January 9, 2015, plaintiff Marah Wood Productions, LLC ("MWP") commenced an interpleader action pursuant to section 52-484 of the Connecticut General Statutes in the Connecticut Superior Court, Judicial District of New Haven at New Haven. Named as defendants were debtor-defendant Ruth M. Jones and defendants Imperial Real Estate Holdings, LLC ("Imperial"); Property Management & Real Estate Services, LLC ("PMRES"); David House; and Richard Coan ("the Trustee"), trustee for the Jones bankruptcy estate. The interpleader action seeks to adjudicate competing claims regarding a property interest in a fund ("Fund") containing approximately $468,600. Notice of Removal, Ex. A, at 1–2 (doc. 1-1). On January 23, 2015, the Trustee removed the action to the United States District Court for the District of Connecticut,[1] alleging that the Fund is the property of the Jones bankruptcy estate and is thus related to Jones's bankruptcy case. Notice of Removal 2. Jones objected to the removal (doc. 11) and filed a motion to remand this case to state court (doc. 14), arguing that this court lacks jurisdiction, or in the alternative, that I should abstain from exercising jurisdiction over the interpleader action on equitable grounds, pursuant to 27 U.S.C. § 1452(b). Both the Trustee (doc. 18) and MWP (doc. 20) filed objections to Jones's motion for remand.

---

1.   The Trustee removed the action pursuant to 28 U.S.C. § 1334(b), 27 U.S.C. § 1452(a), and Rule 9027(a)(2)(B) of the Federal Rules of Bankruptcy Procedure.

Based on the entire record before me and the reasons set forth in this ruling and order, Jones's motion for remand (doc. 14) is **denied**.

## I.      Standard of Review

A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction.  *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citing *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004)).  A federal court evaluates whether subject matter jurisdiction exists based on the jurisdictional facts set forth in the pleadings at the time when the defendant files its notice of removal.  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2004).  Further, removal statutes are strictly construed against removal.  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007).

## II.     Background

The Trustee asserts the following jurisdictional facts regarding removal of MWP's interpleader action from state to federal court.  On August 14, 2009, Jones filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.* Trustee's Opp'n Br. 1.[2]  Jones's reorganization efforts failed, and Coan was appointed trustee of

---

2.    The Trustee makes a similar factual assertion in his Notice of Removal, although his notice states that Jones filed for relief under chapter 7 of the Bankruptcy Code on August 14, 2009.  Notice of Removal 1 (doc. 1).  When read in the context of the other statements in that notice, Jones's memorandum in support of remand, and the Trustee's memorandum opposing remand, it appears that the notice of removal contained a typographical error and

the Ruth Jones Chapter 11 bankruptcy estate on February 25, 2011.  *Id.*  On April 23, 2013, Jones's bankruptcy was converted to a Chapter 7 (liquidation) bankruptcy, 11 U.S.C. §§ 701, *et seq.*, and Coan remained the trustee for the Chapter 7 bankruptcy estate.  *Id.* at 2; Notice of Removal ¶ 2.

On June 18, 2013, Jones endorsed a check for $438,350.00 to MWP, and she "directed or caused" an additional $30,000.00 to be wire transferred from PMRES to MWP.  Notice of Removal, Ex. A (Complaint), at 1 (doc. 1-1).  MWP continues to hold those funds, which total $468,500.  Jones contends that she had entered into a joint venture with MWP's members, Robert Deak and Moshira Soliman, to develop certain real property located at 102 Locust Avenue, New Canaan, Connecticut.  Notice of Removal, Ex. A (Complaint) ¶¶ 7–8, 10–13.  The Trustee alleges that the Fund includes monies that Jones received for services performed during the pendency of her Chapter 11 bankruptcy, and consequently, asserts ownership over the Fund itself.  Trustee's Opp'n Br. 2.  Jones contends that she received the monies that comprise the Fund after her bankruptcy was converted to a Chapter 7 bankruptcy, and thus alleges that the Fund does not include assets that are part of the bankruptcy estate.  Jones Mot. Remand 5.

Jones avers that the funds transferred to MWP were in fact a loan to Imperial for the purchase and development of the 102 Locust Avenue property, and on November 21, 2014, she commenced a lawsuit in the Connecticut Superior Court, Judicial District of Stamford/Norwalk at Stamford, seeking the return of the monies in MWP's Fund, as well as other alleged damages for breach of several contracts.  *See generally* Compl., *Ruth Jones v. Robert L. Deak*, No. FST-CV14-6023913-S (Conn. Super. Nov. 25, 2014) (http://civilinquiry.jud.ct.gov/CaseDetail/

---

that Jones indeed filed for chapter 11 bankruptcy on August 14, 2009.  *Compare* Notice of Removal *and* Trustee's Opp'n Br.

PublicCaseDetail.aspx?DocketNo=FSTCV146023913).  Shortly after Jones filed her civil action,

MWP commenced this interpleader action in state court on January 9, 2015, naming the Trustee

as one of several defendants asserting ownership of or claims against the Fund.  Notice of

Removal, Ex. A (Complaint), at 1.  On January 23, 2015, the Trustee appeared in the state case

and removed MWP's interpleader action to federal court, noting that the case was "related to"

the Jones bankruptcy estate.  Notice of Removal 3; Trustee's Opp'n Br. 3.  On February 23,

2015, Jones moved to remand the interpleader case to state court.


### III.  Discussion

    A.  <u>The District Court's "Related To" Jurisdiction</u>

Section 1452(a) provides that cases filed in state court may be removed to federal court if

they are related to bankruptcy proceedings.  28 U.S.C. § 1452(a) ("A party may remove any

claim or cause of action in a civil action . . . to the district court for the district where such civil

action is pending, if such district court has jurisdiction of such claim or cause of action under

section 1334 of this title.").  Section 1334(b) provides, "the district courts shall have original but

not exclusive jurisdiction of all civil proceedings arising under title 11, *or arising in or related to*

*a case under title 11*."  28 U.S.C. § 1334(b) (emphasis added).  In his notice of removal, the

Trustee invokes the "related to" provision of section 1334(b) to invoke this Court's jurisdiction

and remove MWP's interpleader action to federal court.

The Supreme Court has noted that although Congress did not define the scope of "related

to" jurisdiction, it departed from its prior construction of section 1334 and instead created a

broader and more open-ended construction of the district court's "related to" jurisdiction.

*Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995) ("Congress intended to grant

4

comprehensive jurisdiction to the bankruptcy courts so they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." (internal citation omitted)). That broader construction allows for the removal of otherwise non-removable claims to federal court on the basis of the district court's concurrent jurisdiction regarding bankruptcy claims. *Cf. In re WorldCom, Inc. Secs. Litig.*, 293 B.R. 308, 329–30 (S.D.N.Y. 2003) (analyzing the framework for removal pursuant to section 1452(a)). Nevertheless, "related to" jurisdiction is not limitless. *Edwards*, 514 U.S. at 308.

The Second Circuit has noted that litigation may fall within the district court's "related to" jurisdiction if the outcome of that litigation "might have any 'conceivable effect' on the bankrupt estate." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) (citing *In re Turner*, 725 F.2d 338, 340–41 (2d Cir. 1983), and *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)); *see also In re Quigley Co.*, 676 F.3d 45, 57 (2d Cir. 2012). Elaborating on that principle, the Second Circuit has held, in the context of a Chapter 11 bankruptcy, that a bankruptcy estate encompasses "all legal or equitable interests of the debtor as of the commencement of the case," including "causes of action possessed by the debtor at the time of filing, *In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010), and any "interest in property that the trustee recovers." *In re Bernard Madoff Inv. Secs. LLC*, 740 F.3d 81, 88 (2d Cir. 2010) (citing in part 11 U.S.C. § 541(a)(3)). Accordingly, "related to" jurisdiction may attach to "[e]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative." *Id.* (citing *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)). Thus, any civil action that affects the kinds of interests described above may be

5

sufficient to trigger section 1452(a)'s removal provisions.[3]

Based on the Supreme Court and Second Circuit's formulation of "related to" jurisdiction, a case in which the parties' "claims bring into question the very distribution of the estate's property" and its allocation "undoubtedly" vests the district court with the power to approve that allocation or distribution.  *In re Cuyahoga Equip. Corp.*, 980 F.2d at 114–15; *see also Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) (holding that fees accrued for services rendered after the commencement of Chapter 13 bankruptcy, and "any causes of action possessed by the debtor" with respect to those fees, were the property of the bankruptcy estate); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994) (causes of action may become assets of the estate once bankruptcy petition is filed).

Jones argues that (1) the Fund belongs to the joint venture, not to Jones as an individual; (2) that her state court breach of contract case will resolve "all claims to" the Fund; (3) that any monies returned from the Fund to Jones are subject to garnishment to satisfy a prejudgment remedy obtained by House against Jones in a separate state court proceeding; (4) that the monies held by MWP are not the same funds that Jones transferred to Imperial; and (5) that the monies comprising the Fund were acquired after Jones converted her bankruptcy from a Chapter 11 to a Chapter 7 action, requiring that the Trustee prevail in an adversary proceeding before he may

---

3.   Federal courts have declined to remand civil proceedings removed pursuant to 28 U.S.C. § 1452(a) in which plaintiffs brought state law claims of mismanagement, non-disclosure, and breach of fiduciary duty, *Deangelis v. Corzine*, 501 B.R. 155 (S.D.N.Y. 2012); breach of contract, *CCM Pathfinder Pompano Bay, LLC v. Compass Financial Partners LLC*, 396 B.R. 602 (S.D.N.Y. 2008); enforcement and construction of a discharge injunction, *In re Methyl Tertiary Butyl Ether Products Liability Litigation*, 522 F. Supp. 2d. 557 (S.D.N.Y. 2007), *aff'd, sub nom. Orange County Water District v. Unocal Corp.*, 584 F.3d 43 (2d Cir. 2009); civil conspiracy, unfair trade practices, and aiding and abetting the breach of a fiduciary duty, *Master-Halco, Inc. v. D'Angelo*, 351 B.R. 267 (D. Conn. 2006); contribution and indemnification, *In re Enron Corp. Securities, Derivative and ERISA Litigation*, 511 F. Supp. 2d 742 (S.D. Tex. 2005); fraud and misrepresentation, *National Century Financial Enterprises Investment Litigation*, 323 F. Supp. 2d 861 (S.D. Ohio 2004); and medical malpractice, *O'Rourke v. Carins*, 129 B.R. 87 (E.D. La. 1991).

assert an interest in or claim to the Fund.  Jones Remand Mem. 4–6.  Jones's arguments

regarding ownership of the Fund and the timing of transfers are arguments alleging that the

monies in the Fund are not part of the Jones Bankruptcy Estate.  Jones's argument regarding

adversary proceedings is an argument that the Trustee bears the burden of proving that the

monies in the Fund belong to the Estate.  In the alternative, Jones argues that the district court

should abstain from exercising its jurisdiction to allow Jones "her choice of forum."  *Id.* 15.

The issues that Jones has raised regarding ownership interests and evidentiary burdens

are precisely the questions that an interpleader action is intended to resolve.  The Trustee has

asserted an ownership interest in the Fund, alleging that it contains earnings that belong to the

Jones Bankruptcy Estate.  *See* 11 U.S.C. § 1115(a) (all "earnings performed by the debtor after

the commencement of the [Chapter 11] case but before the case is closed, dismissed, or

converted to a case under chapter 7, 12, or 13, whichever occurs first," is property of the

bankruptcy estate.).  Several other individuals, including Jones, have also asserted property rights

in the Fund.  Jones's objections regarding ownership interests in the Fund are arguments aimed

at adjudicating the merits of the interpleader action before considering whether removal to the

federal district court is proper.

The test for determining whether an action falls within the district court's "related to"

jurisdiction does not rely on the merits of the interpleader action, but rather, on the factual

assertions set forth in MWP's complaint and in the Trustee's notice of removal.  Although

federal appellate courts have offered little guidance on a removing party's evidentiary burden in

invoking a district court's "related to" jurisdiction, the Supreme Court and Second Circuit's case

law regarding removal on the basis of diversity jurisdiction is instructive.

To determine if a removing party has met the "amount in controversy" requirement, the

7

Supreme Court has instructed district courts to determine if the defendant's notice of removal includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in order for diversity jurisdiction to attach. *Dart Cherokee Basin Operating Co., LLC v. Owens*, No. 13–719, 153 S. Ct. 547, 554 (2014).[4]  With that framework in mind, the Trustee's factual allegations clearly set forth a plausible allegation that disposition of the state interpleader action will "conceivably effect" the bankruptcy estate.  Thus, the Trustee has met his burden, at this stage in the litigation, in demonstrating that federal subject matter jurisdiction exists.

Having determined that the district court's subject matter jurisdiction attaches to the interpleader proceeding because of its nexus and likely impact on the Jones Bankruptcy Estate, I turn to Jones's argument in the alternative that the district court should abstain from exercising its jurisdiction.

B.  Abstention

As a general matter, proceedings that are "related to" cases under title 11 are considered "non-core" proceedings.  *Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 578–79 (E.D.N.Y. 2009).  Put another way, "non-core" proceedings may be "related to the bankruptcy case but do not arise under Title 11 and are typically based on common law."  *In re EMS Fin. Servs., LLC*, 491 B.R. 196, 201 (E.D.N.Y. 2013).  If a proceeding is deemed to be a "non-core" proceeding, then a district court must determine if mandatory abstention, 28 U.S.C. § 1334(c)(2), applies.  If a proceeding is a "core" proceeding, however, the statutory provision for mandatory abstention does not apply, and the party moving for remand must convince the district court to exercise

---

4.    The Second Circuit has noted that the removing "defendant bears the burden of establishing federal subject matter jurisdiction by showing that there is a reasonable probability that the [amount in controversy requirement] is satisfied."  *Wurtz v. Rawlings Co., LLC*, 761 F.3d 232, 239 (2d Cir. 2014) (removal under the Class Action Fairness Act (CAFA)); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 298–99 (2d Cir. 2000) (removal under diversity jurisdiction).  The Second Circuit's framework predates, but is not inconsistent with, the Supreme Court's "plausible allegation" approach.

"permissive abstention" and remand the case upon "any equitable ground."  28 U.S.C. § 1452(b).

In certain circumstances, a case removed under the district court's "related to" jurisdiction may be considered a core proceeding.  By statute, core proceedings may include legal proceedings regarding "matters concerning the administration of the estate" and "orders to turn over property of the estate."[5]  28 U.S.C. § 157(b)(2).[6]  Other courts have held that the term "administration of the estate" applies to proceedings in which the Trustee seeks to determine if disputed property is the property of the estate or if the estate retains any property rights in the matter.  *In re AGR Premier Consulting, Inc.*, 550 F. App'x 115, 122 (3d Cir. 2014) (summary order) ("It is well established that proceedings to determine what constitutes property of the bankruptcy estate under section 541(a) of the Bankruptcy Code are core proceedings."); *see, e.g.*, *In re Raskin*, 505 B.R. 684, 692 (Bankr. D. Md. 2014) (a debtor's interest in property becomes the property of the estate during a chapter 7 bankruptcy, and accordingly, proceedings to

---

5.   As currently written, section 157 establishes the parameters of an Article I bankruptcy court's jurisdiction, and it provides that a party may withdraw any core or non-core proceeding from the bankruptcy court to an Article III court.  In a trio of cases, the Supreme Court held that although certain state common law actions may fall within the statutory definition of a "core" proceeding under section 157, only an Article III court retained jurisdiction to evaluate a claim raised in a "core proceeding" and brought under state common law.  *See Stern v. Marshall*, No. 10–179, 131 S. Ct. 2594 (2011); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989); *N. Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982); *see also Secs. Investor Prot. Corp. v. Bernard L. Madoff Inv. Secs. LLC*, 490 B.R. 46, 48 (S.D.N.Y. 2013) (discussing the relationship of the bankruptcy and district court after *Stern*).  In the present case, the Trustee has removed the interpleader action directly to an Article III court.  In doing so, he has avoided any concerns regarding the constitutionality of proceeding before the district court while preserving section 157's definitions regarding the classification of certain bankruptcy-related proceedings.  In light of this distinct procedural posture, I evaluate the core/non-core classification of the interpleader action for the limited purpose of determining whether mandatory abstention, 28 U.S.C. § 1452(b), applies.

6.   Section 157 provides a non-exclusive list of "core" proceedings, including:  matters concerning the administration of the estate; allowance or disallowance of claims against the estate or exemptions from property of the estate and estimation of claims or interests for certain forms of bankruptcy; counterclaims by the estate against persons filing claims against the estate; orders related to obtaining credit; orders to turn over property of the estate; proceedings to determine, avoid, or recover preferences; motions to terminate, annul, or modify the automatic stay; proceedings to determine, avoid, or recover fraudulent conveyances; determinations of the dischargeability of particular debts; objections to discharges, determinations of the validity, extent, or priority of liens;  confirmation of plans; orders approving the use or lease of property, including cash collateral; orders approving the sale of property not related to counterclaims; other proceedings affecting the liquidation of the assets of the estate or adjustment of the debtor-creditor or equity security holder relationship; and recognition of foreign proceedings.  28 U.S.C. § 157(b)(2).

determine whether property is part of the bankruptcy estate is a core proceeding); *In re Holtslander*, 507 B.R. 779 (Bankr. N.D.N.Y. 2014) ("It is well established that a bankruptcy court has jurisdiction over all of the property of the debtor's estate, wherever located" (citing *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 91 (2d Cir.) (collecting cases), *cert. denied*, 488 U.S. 868 (1988))); *In re Pali Holdings, Inc.*, 488 B.R. 841, 848–49 (Bankr. S.D.N.Y. 2013) (determination whether property is part of a bankruptcy estate is a "core" proceeding even after *Stern*).

Jones argues that the district court must abstain from reviewing the interpleader action, or in the alternative, that it should permissively abstain from exercising its jurisdiction. For the reasons discussed below, Jones's arguments are unavailing.

### 1. *Mandatory Abstention*

In addition to conferring jurisdiction, Section 1334 provides the following "mandatory abstention" provision for non-core proceedings:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced and can be timely adjudicated in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). A party seeking mandatory abstention bears the burden of demonstrating that abstention is proper and must prove all the statutory requirements to prevail; i.e., that (1) the motion to abstain/remand was timely; (2) the action is based on a state law claim; (3) the action is "related to" but not "arising in" or "arising under" the Bankruptcy Code; (4) Section 1334 provides the sole basis for federal jurisdiction; (5) the action was commenced in

state court; and (6) the action can be "timely adjudicated" in state court. *In re WorldCom, Inc. Secs. Litig.*, 293 B.R. 308, 331 (S.D.N.Y. 2003) (citing *In re Adelphia Commc'ns Corp.*, 285 B.R. 127, 143–44 (Bankr. S.D.N.Y. 2002)).

If a proceeding is designated as a "core" proceeding, the mandatory abstention provision cannot apply. As previously noted, proceedings in which the estate or the debtor seek to adjudicate their property rights in certain property constitute core proceedings, even if the adjudication of those rights is governed solely by state law. Consequently, section 1334's "mandatory abstention" provision is inapplicable to the interpleader action, which seeks to determine the property rights of several parties, including the debtor (Jones) and the Jones Bankruptcy Estate (the Trustee). If the interpleader action were a non-core proceeding, other statutory provisions maintain that non-core proceedings enumerated in 28 U.S.C. § 157(b)(2) "shall not be subject to the mandatory abstention provision of section 1334(c)(2)." 28 U.S.C. § 157(b)(2)(4). Thus, under either formulation, mandatory abstention would be inappropriate.

Even if the mandatory abstention provision were applicable, Jones has failed to demonstrate that the interpleader action meets all of the statutory requirements for abstention to apply. Although Jones has met some of the statutory criteria warranting mandatory abstention, she has failed to meet her evidentiary burden in demonstrating that an action can be "timely adjudicated" in state court and that section 1334 provides the sole basis for federal jurisdiction.[7] Because Jones has not met her burden with respect to all six statutory requirements, her motion for remand fails on mandatory abstention grounds.

a. Timely Adjudication

---

7.   The parties do not dispute that the motion for remand was timely made, that the action is based on a state law claim, that the action is "related to" a matter arising under the bankruptcy code, or that the action was commenced in state court. Accordingly, I focus my analysis on the two statutory requirements at issue—that the action can be "timely adjudicated" in state court and that section 1334 provides the sole basis for federal jurisdiction.

Whether a matter can be "timely adjudicated" is a mixed question of law and fact. *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580–82 (2d Cir. 2011). Although factual allegations are drawn in favor of the party seeking remand, a party moving for remand under a theory of mandatory abstention bears the burden of demonstrating that all statutory requirements have been satisfied, and it must offer some proof to support its assertions. *Id.* To determine timeliness, the district court must evaluate four factors:

> (1) the backlog of the state court's calendar relative to the federal court's calendar; (2) the complexity of the issues presented and the respective expertise of each forum; (3) the status of the title 11 bankruptcy proceeding to which the state law claims are related; and (4) whether the state court proceeding would prolong the administration or liquidation of the estate.

*Id.* at 580 (citing *In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. 1993)). The movant's bare assertion that a matter can be timely adjudicated—without an evaluation of the ramifications of the size, complexity, and judicial inefficiency of litigating several separate civil actions before the state court—is insufficient to establish that the state court can timely adjudicate a matter. *Conn. Res. Recovery Auth. v. Lay*, 292 B.R. 464, 471–72 (D. Conn. 2003); *In re Leco Enters., Inc.*, 144 B.R. 244, 251 (S.D.N.Y. 1992) (citing *In re Consulting Actuarial Partners, Ltd. P'ship*, 72 B.R. 821, 828 (Bankr. S.D.N.Y. 1987) (a "naked assertion that the matter can be adjudicated in the state court, without more, is insufficient to satisfy this requirement.")).

Jones's statements in support of mandatory abstention lack a proper basis in fact and ignore key considerations regarding an evaluation of timely adjudication. Jones asserts in general terms that Connecticut state courts are not "backlogged," Jones Mot. Br. 12, but she fails to offer any information on the speed with which the state courts adjudicate interpleader actions (or fraudulent conveyance actions, which she contends is the nature of this case). Jones has also

failed to offer any information on the relative backlog or speed of adjudication of an interpleader action in state or federal court.

Similarly, Jones does not evaluate the relative expertise of the Connecticut state courts and the U.S. District Court for the District of Connecticut.[8]  As the Second Circuit has noted, determining whether a bankruptcy estate holds an interest in disputed property is a question grounded in both federal and state law.  *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2d Cir. 1990) (although federal law "determines the outer boundary of what may constitute property of the [bankruptcy] estate," state law determines whether a party's interest is sufficient to confer a property right in a civil action).  Insofar as Jones contends that the case is governed by Connecticut law regarding fraudulent conveyances, section 157 designates all fraudulent conveyance actions involving the estate or the debtor as a "core proceeding," undercutting Jones's assertion that the interpleader action is a non-core, state proceeding.

With respect to the current progress of the Title 11 proceeding, Jones avers that the estate has nearly completed liquidation.  Federal courts have noted that the "nature of the underlying [bankruptcy] proceeding" plays a significant role in determining whether state proceedings will impact the timely resolution of the estate.  *Parmalat Capital Fin. Ltd.*, 639 F.3d at 581 (citing *In*

---

8.  Federal case law encourages federal courts sitting in diversity jurisdiction to abstain in cases where "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . at bar," or where adjudication in a federal forum "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 727; *see also Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959).

Although this case arises under the court's bankruptcy jurisdiction, Jones does not allege that the interpleader action raises "difficult questions of state law bearing on policy problems of substantial public import," nor does she allege that adjudication of the action in federal court would disrupt state efforts to establish a coherent policy regarding property law or fraud.  Instead, Jones simply notes that state courts should "speak directly on the issue of state law" raised in the lawsuit she has filed in state court, *Ruth Jones v. Robert Deak*, No. FST-CV14-6023913-S (Conn. Super. Ct.), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=FSTCV146023913S. There is no indication that the interpleader action will negate or undermine Jones's ability to participate in the active litigation of her state court lawsuit, which is currently pending before the Connecticut Superior Court.

*re Leco Enters.*, 144 B.R. at 251).  Although Chapter 7 proceedings generally lack the same urgency as Chapter 11 proceedings, the Jones proceeding has been pending in the bankruptcy court for over six years, and according to Jones, has nearly completed the liquidation process. *See Id.* (citing *In re World Solar Corp.*, 81 B.R. 603, 612 (Bankr. S.D. Cal. 1988)).  Further, because the Trustee timely removed the state action to federal court, the state action has not entered discovery or engaged in motion practice, and thus removal is unlikely to undermine the efficient adjudication of the interpleader action.  *See Allied Mech. & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co.*, 62 B.R. 873, 878 (Bankr. S.D.N.Y. 1986) (noting that evaluation of timely adjudication may include an evaluation of the relative progress of the state action before the state court).  Thus, this factor weighs slightly in favor of federal jurisdiction and against remand.

The last timeliness factor attempts to determine whether a state court proceeding would prolong the administration or liquidation of the estate.  *Parmalat*, 639 F.3d at 581–82.  Jones alleges that the estate has nearly completed liquidation.  Based on that assertion, engaging in parallel state court proceedings will almost certainly slow and prolong the administration of the bankruptcy estate.  Taken together, Jones has not met her burden to establish that all of the statutory requirements for mandatory abstention have been met.  Accordingly, her petition to remand on mandatory abstention grounds fails.

b.  Basis for Federal Jurisdiction

Even if Jones had demonstrated that the interpleader action would be timely adjudicated in state court, which she has not, she has also failed to demonstrate that section 1334 provides the sole basis for federal jurisdiction.  As noted above, the Bankruptcy Code designates certain civil actions as core proceedings that fall within the concurrent jurisdiction of both the

14

bankruptcy and district courts.  28 U.S.C. § 157.  Accordingly, both section 1334 and section 157 may convey jurisdiction.

Moreover, if a state proceeding falls within the non-exclusive list provided in section 157, regardless whether that proceeding is a core or non-core action, it "shall not be subject to the mandatory abstention provision of section 1334(c)(2)."  28 U.S.C. § 157(b)(2)(4).  The state interpleader action may, at a minimum, affect "the administration of the [bankruptcy] estate," "orders to turn over property of the estate," and "proceedings to determine, avoid, or recover fraudulent conveyances."  28 U.S.C. §§ 157(b)(2)(A), (E) & (H).  Consequently, Jones has failed to meet her evidentiary burden to demonstrate that mandatory abstention or remand is appropriate.

2.   *Permissive Abstention or Equitable Remand*

Section 1334(c)(1) provides that "[n]othing in this section prevents a district court in the interest of justice or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding . . . related to a case under title 11."  28 U.S.C. § 1334(c)(1).  Nevertheless, permissive abstention is only appropriate under certain "extraordinary and narrow" circumstances, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), and is "informed by and interpreted according to 'principles developed under the judicial doctrines.'"  *In re WorldCom, Inc. Secs. Litig.*, 294 B.R. at 332 (citing *In re Pan Am. Corp.*, 950 F.2d 839, 846 (2d Cir. 1991)); *see also Woodford v. Cmty. Action Ctr.*, 239 F.3d 517, 522 (2d Cir. 2001).  Unlike a motion for remand, when considering a motion to abstain, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist.*, 424 U.S. at 817.

The analysis of a request for equitable remand under section 1452(b) and permissive

abstention under section 1334(c)(1) is substantively the same.  *Camofi Master LDC v. U.S. Coal Corp.*, 527 B.R. 138, 143 (Bankr. S.D.N.Y. 2015) (citing *Residential Funding Co., LLC v. UBS Real Estate Secs., Inc.*, 515 B.R. 52, 67 (Bankr. S.D.N.Y. 2014)).  The movant bears the burden of establishing that permissive abstention is warranted.  *In re WorldCom, Inc. Secs. Litig.*, 294 B.R. at 334.

When determining whether equity requires remand to state court, a district court should consider factors such as:

> (1) the effect of the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Schumacher v. White*, 429 B.R. 400, 405 (E.D.N.Y. 2010) (citing *Drexel Burnham Lambert Grp., Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (Bankr. S.D.N.Y. 1991)); *see also Camofi Master LDC*, 527 B.R. at 143.  Those factors are useful but non-exhaustive, and other federal courts have additionally considered the "the feasibility of severing state law claims from core bankruptcy matters, the burden [on] the court's docket, the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping, the existence of a right to jury trial" and "the presence of nondebtor parties" in the proceeding.  *In re WorldCom, Inc. Secs. Litig.*, 294 B.R. at 332 (citing *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999)).  Still other courts also have evaluated factors such as "duplicative and economical use of judicial resources" and the "lessened possibility of inconsistent results."  *Camofi Master LDC*, 527 B.R. at 143 (internal citations omitted).

On balance, the factors for evaluating a request for permissive abstention do not favor

remand.  Litigating a case focused on the property rights of multiple parties, including the alleged ownership rights of the Jones Bankruptcy Estate, will no doubt impede the efficient administration of the bankruptcy estate.  *In re Calpine Corp.*, 354 B.R. 45, 50 (Bankr. S.D.N.Y. 2006) (litigation in separate venues can cause a "significant burden and distraction" from efficiently managing the estate).  The second factor, conversely, weighs slightly in favor of remand because issues of state law predominate.  Nevertheless, that factor is "modest" in light of the fact that district court judges regularly "address matters of state law," and the primary issues of state law, here, are not novel, complex, or within the unique expertise of state courts.  *In re Adelphia Commc'ns Corp.*, 285 B.R. 127, 145–46 (Bankr. S.D.N.Y. 2002) (noting that areas in which state law expertise dominates include matters involving "family law, probate law, condemnation law, [and] other specialized areas of law not regularly addressed in the federal courts.").  Similarly, Jones has not identified any unique or unsettled issues of state law that warrant abstention on comity grounds.  Comity is "not a material factor where a matter does not involve state public policy or the state's public interest," *Camofi Master LDC*, 527 B.R. at 149 (citing *In re River Ctr. Holdings, LLC*, 288 B.R. 59, 70 (Bankr. S.D.N.Y. 2015)), and Jones has provided no information to indicate that comity requires abstention in the present case.  The interpleader action is relatively closely related to the original bankruptcy; its adjudication will determine whether certain property belongs to, or does not belong to, the bankruptcy estate.  Further, because an interpleader action is an action in equity, it does not implicate or affect any right to a jury trial.  Additionally, the other removed defendants will not be prejudiced, nor have they objected to, the Trustee's removal of this case to the district court.  Factors regarding judicial economy or the risk of inconsistent results have no real import with respect to this action; Jones has not identified why proceeding before the district court is any more or less

17

economical or onerous than litigating multiple lawsuits before several state court judges.[9]

Finally, Jones's objection that she is prejudiced by proceeding in the district court lacks merit.  As a preliminary matter, Jones is a co-defendant to the interpleader action and has limited choice regarding the forum, as she did not initiate the interpleader action.  Secondly, other parties to the action, including the plaintiff, favor removal.  Jones has provided no rationale or information to establish how she is prejudiced by proceeding before the federal district court in her district of residence.

Jones has failed to meet her burden in establishing that permissive abstention or equitable remand apply in this case; accordingly, her motion for remand is denied.

## IV.   Conclusion

Jones's motion to remand is **denied**.  The parties shall respond to MWP's complaint no later than **August 12, 2015**, and they shall file their Rule 26(f) conference report no later than **August 5, 2015**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 22nd day of July 2015.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

9.    As of the date of this ruling, Jones is a party to three lawsuits proceeding before the Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford.  *See House v. Jones*, No. FST-CV-14-6021958-S; *Jones v. Deak*, No. FST-CV-14-6023913-S; *Marah Wood Productions LLC v. Jones*, No. FST-CV-15-6024888.  Two of those cases have been assigned to Superior Court Judge Donna Nelson Heller, and the third case has been assigned to Superior Court Judge Charles T. Lee.

18